NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE EDUARDO RIVERA-VILLALTA; WENDY CECILIA VILLALTA-CISNEROS; CARLOS ALBERTO ROMERO-RAMIREZ; JOSHUA MATEO ROMERO-RIVERA; WENDY SUHAN RIVERA-VILLALTA,

        Petitioners,

  v.

TODD BLANCHE, Acting Attorney General,

        Respondent.

No. 21-894

Agency Nos.
A212-985-619
A212-985-617
A212-985-176
A212-985-175
A212-985-618

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB, District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable John W. Holcomb, United States District Judge for the Central District of California, sitting by designation.

Lead Petitioners Carlos Alberto Romero-Ramirez and Wendy Cecilia Villalta-Cisneros are natives and citizens of El Salvador. They petition for review of the Board of Immigration Appeals' ("BIA") denial of their applications for asylum. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the BIA's factual findings for substantial evidence, *Singh v. Garland*, 97 F.4th 597, 602 (9th Cir. 2024), we deny the petition.

1. An applicant for asylum must show that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). Petitioners argue on appeal that they were persecuted because of their membership in a particular social group of "a schoolteacher and her immediate family," but the BIA determined that this particular social group was not properly raised before the Immigration Judge ("IJ"). Record evidence supports the BIA's determination. On his application for asylum, Romero-Ramirez did not check a box indicating upon which of the five protected grounds his asylum claim relied. Villalta-Cisneros checked the box for political opinion. At their removal hearing, Petitioners' counsel rested on the record after the witnesses' testimony and raised nothing "further on the record [that] needed to be discussed" after the IJ ruled that Petitioners "ha[d] not provided any type of definition to this Court as to what type of membership and particular social group they [were] of." On appeal to the BIA,

Petitioners argued that they "ha[d] specified . . . a particular social group, to wit: a school teacher and her immediate family," but they provided no citation to the record in support of that assertion. And although the transcript from a January 8, 2018 master hearing was missing from the record, counsel never purported to have raised a particular social group in that hearing. Under these circumstances, the BIA may "decline[] to consider [Petitioners'] proposed particular social group[] that [was] raised for the first time on appeal." *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam).

2.    Substantial evidence also supports the BIA's finding that Petitioners failed to show that any harm they experienced was on account of a protected ground. The record supports the agency's finding that the gang targeted Petitioners for financial reasons, believing that Petitioners were "making much more money" and had rich relatives in the United States. No evidence suggests that the gang was motivated by Villalta-Cisneros's political opinion. Therefore, substantial evidence supports the BIA's determination that Petitioners showed only "a generalized fear of extortion and violence by the gangs in El Salvador," which is insufficient for asylum. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) ("The Board's determination that a general aversion to gangs does not constitute a political opinion for asylum purposes was reasonable."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en

banc). "Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money . . . , the record does not compel finding that the persecutor threatened the target because of a protected characteristic[.]" *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023). Because "[t]he lack of a nexus to a protected ground is dispositive of [their] asylum . . . claims," we need not address Petitioners' challenge to the BIA's determination that they failed to demonstrate past or future persecution. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal continues until the mandate issues.